LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
SANNITI LLC,

                Plaintiff,

      - against -

M/V "MARIA PIA", her engines,
boilers, etc.;

      - and against -

MEDITERRANEAN SHIPPING
COMPANY, S.A.

                Defendants.
-------------------------------------------------------------------x

ECF CASE

08 Civ. 2520 (BSJ)

**ANSWER TO**
**COMPLAINT**

      Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), by their attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges upon information and belief as follows:

      1.     Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.     Admits that MSC is a legal entity and admits that Mediterranean Shipping Company (USA), Inc. has an office located at 420 Fifth Avenue, New York, New York 10018, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3.   Admits that MSC was the operator of the M/V "MARIA PIA" during all relevant times and operated said vessel in the common carriage of goods by water for hire between, among other ports, La Spezia and New York.

4.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5.   Admits that Italcheese Spa Mag Generali Reggiani delivered a shipment of 1,616 containers of cheese to MSC and that the goods were loaded aboard the MARIA PIA and carried pursuant to the terms and conditions of an issued bill of lading, but except as so specifically admitted, denies the remaining allegations in paragraph 5 of the Complaint.

6.   Admits that plaintiff's shipment was carried aboard the MARIA PIA, during part of the sea voyage, but except as so specifically admitted denies the remaining allegations in paragraph 6 of the Complaint.

7.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9.   Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

**FIRST AFFIRMATIVE DEFENSE**

10.   The Complaint fails to state a cause of action upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE**

11.   The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shippers, owners, consignees,

and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA") and/or the Harter Act, 46 U.S.C. § 190, et seq., and MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA and/or the Harter Act, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

### THIRD AFFIRMATIVE DEFENSE

12.     The nature and valuation of the goods were not declared by the shipper before the shipments and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and/or the Harter Act, and MSC's bill of lading.

### FOURTH AFFIRMATIVE DEFENSE

13.     Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA and/or the Harter Act, or provisions of said bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

## FIFTH AFFIRMATIVE DEFENSE

14. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-parties, and not by MSC.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to properly and fully mitigate its damages.

WHEREFORE, defendant MEDITERRANEAN SHIPPING COMPANY, S.A., , respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      May 8, 2008

                              LYONS & FLOOD, LLP
                              Attorneys for Defendant
                              MEDITERRANEAN SHIPPING COMPANY, S.A.

By: _____
      Edward P. Flood (EPF-5797)
      Lyons & Flood, LLP
      65 W 36th Street, 7th Floor
      New York, New York 10018
      (212) 594-2400

TO:  William R. Connor III
      McDermott & Radzik, LLP
      Attorneys for Plaintiff
      Wall Street Plaza
      88 Pine Street
      New York, New York 10005

U:\FLOODDOC\2549116\Pleadings\Answer.doc

## **CERTIFICATE OF SERVICE**

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On May 8, 2008, I served true copies of the Answer to Complaint upon:

William R. Connor III
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: May 8, 2008

_____
Erika Tax

U:\FLOODDOC\2549116\Pleadings\Answer.doc