LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant and Third-Party Plaintiff
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SANNITI LLC,

             Plaintiff,

             08 Civ. 2520 (BSJ)

     - against -

             **THIRD-PARTY PLAINTIFF'S**
             **F.R. Civ.P. Rule 14(C)**
             **THIRD-PARTY COMPLAINT**

M/V "MARIA PIA", her tackle, boilers,
engines,

     - and against-

MEDITERRANEAN SHIPPING COMPANY S.A.,

             Defendants.
------------------------------------------------------------------x
MEDITERRANEAN SHIPPING COMPANY S.A.
             Third-Party Plaintiff,

     -against-

MAHER TERMINALS, INC.

             Third-Party Defendant.
------------------------------------------------------------------x

     Defendant and Third-Party Plaintiff, MEDITERRANEAN SHIPPING COMPANY S.A., ("MSC") by its attorneys, Lyons & Flood, LLP, as and for its Third-Party Complaint against MAHER TERMINALS INC. ("MAHER"), allege upon information and belief as follows:

1. This is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure, and jurisdiction is predicated upon 28 U.S.C. §1333.

2. Plaintiff has filed an action against Third-Party Plaintiff seeking damages for loss or damage to a certain shipment of Italian cheese, shipped from La Spezia, Italy to New York, New York pursuant to MSC's bill of lading dated April 6, 2007. Third-Party Plaintiff has appeared and answered the Complaint. Copies of the Complaint and Answer are Annexed hereto as Exhibits "A" and "B", respectively.

3. At all times hereinafter mentioned, MSC, a foreign corporation with its principal place of business in a foreign country, was engaged in business as a common carrier by water for hire, transporting cargo, among other places, to and from the United States.

4. At all times hereinafter mentioned, MSC, a foreign corporation, was the operator of the M/V MARIA PIA (the "Vessel").

5. Upon information and belief, Third-Party Defendant MAHER at all relevant times was and still is doing business in this jurisdiction, with an office and place of business located at Four Connell Drive, Berkeley Heights, New Jersey 07922.

6. Plaintiff, in the within action, alleges that it sustained damage to a shipment of Italian cheese (the "Cargo") being transported from La Spezia, Italy to New York, New York, aboard the M/V MARIA PIA, pursuant to MSC's bill of lading. Specifically, Plaintiff alleges in the underlying Complaint that on or about April 20, 2007, the shipment arrived in New York and that MSC subsequently delivered said shipment in a short, slack and damaged condition.

## As and For a First Cause of Action- Against Third-Party Defendant MAHER.

7. Third-Party Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 6 of this Third-Party Complaint with the same force and effect as if herein set forth at length.

8. The subject shipment referred to in the above-referenced paragraphs was discharged from an MSC vessel and then placed in the care, custody and control of MAHER in Port Elizabeth, New Jersey, pursuant to certain contracts, both express and implied, between Third-Party Plaintiff and MAHER.

9. Pursuant to the terms of the aforesaid Contract, Third-Party Defendant MAHER remained responsible for, among other things, the safe and proper discharge of the subject container from the Vessel.

10. Third-Party Plaintiff has duly performed all of the terms and conditions of the said Contract.

11. If Plaintiff's Cargo sustained any damage, it resulted from the breach of contract on the part of Third-Party Defendant MAHER to perform its duties in a proper, careful, and workmanlike manner

12. As a result of the foregoing, if any liability is found in favor of Plaintiff against Third-Party Plaintiff, then Third-Party Plaintiff is entitled to indemnity or contribution, together with the costs and disbursements of this action and reasonable attorneys' fees from the Third-Party Defendant MAHER.

13. If Plaintiff is entitled to recover any damages in this action, Plaintiff should recover directly from Third-Party Defendant MAHER, pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, without any contribution from Third-Party Plaintiff.

### As and For the Second Cause of Action- Against Third-Party Defendant MAHER

14. Third-Party Plaintiff repeats and realleges each and every allegation contained in paragraphs 1 through 13 of this Third-Party Complaint with the same force and effect as if herein set forth at length.

15. To the extent that Plaintiff's Cargo was damaged, such damage was caused solely or partially by Third-Party Defendant MAHER'S negligence and/or fault, by their failure to properly care for Plaintiff's cargo, without any fault or negligence on the part of the Third-Party Plaintiff.

16. As a result of the foregoing, if any liability is found in favor of the Plaintiff against the Third-Party Plaintiff, then the Third-Party Plaintiff is entitled to indemnity or contribution, together with the cost and disbursements of this section and reasonable attorneys' fees from Third-Party Defendant MAHER.

17. If Plaintiff is entitled to recover any damages in this action, which is denied, Plaintiff should recover directly from Third-Party Defendant MAHER, pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure, without any contribution from Third-Party Plaintiff.

**WHEREFORE,** Third-Party Plaintiff MEDITERRANEAN SHIPPING COMPANY S.A. respectfully prays:

A. That judgment be entered dismissing the Complaint herein;

B. That judgment be entered for Plaintiff directly against Third-Party Defendant pursuant to Rule 14 (c) of the Federal Rules of Civil Procedure;

C. Alternatively, that judgment be entered against the Third-Party Defendant for all sums, if any, which may be adjudged against Third-Party Plaintiff in favor of Plaintiff, together with reasonable attorneys' fees, costs, and disbursements of this action;

D. That judgment be entered in favor of Third-Party Plaintiff against Third-Party Defendant for indemnity, whether or not Plaintiff prevails against Third-Party Plaintiff, including reasonable attorneys' fees, costs, and disbursements of this action;

E. For such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       May 9, 2008

> LYONS & FLOOD, LLP
> Attorneys for Defendant and Third-Party Plaintiff
> MEDITERRANEAN SHIPPING COMPANY S.A.,
>
> By: _____
> Edward P. Flood (EPF-5797)
> Lyons & Flood, LLP
> 65 W 36th Street, 7th Floor
> New York, New York 10018
> (212) 594-2400

TO: McDermott & Radzik, LLP
    Attorneys for the Plaintiff
    William R. Connor III, Esq
    Wall Street Plaza
    88 Pine Street
    New York, New York 10005
    (212) 376-6400

U:\FLOODDOC\2549116\Pleadings\3rd-PartyComplaint.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

    I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

    On May 9, 2008, I served true copies of the Third-Party Complaint upon:

William R. Connor III
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: May 9, 2008

_____
Erika Tax

U:\FLOODDOC\2549116\Pleadings\3rd-PartyComplaint.doc

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------X

SANNITI LLC,

              Plaintiff,

    -against-                       **VERIFIED COMPLAINT**

M.V. "MARIA PIA", her engines, boilers, etc.,    08 CIV

    -and against-

MEDITERRANEAN SHIPPING
COMPANY, S.A.

              Defendants.

------------------------------------------------------X

08 CV 2520

JUDGE JONES

1. This is a case of contract, cargo damage and non-delivery of cargo, civil and maritime and is an admiralty and maritime claim within the meaning of the Rule 9(h). Plaintiff invokes the maritime procedures specified in Rule 9(h).

2. Plaintiff, SANNITI LLC, is a legal entity organized under the law, with an office located at 1275 Valley Brook Avenue, Lyndhurst, New Jersey 07071. Defendant, MEDITERRANEAN SHIPPING COMPANY S.A., is a legal entity organized under the law, with an agent, MEDITERRANEAN SHIPPING COMPANY (USA), INC. located at 420 Fifth Avenue, New York, New York 10018.

3. During all times herein mentioned, defendant was the owner and/or operator of the M.V. "MARIA PIA" and operated it in the common carriage of goods by water for hire between La Spezia and New York.

4. The M.V. "MARIA PIA" is now or during the pendency of this action will be, within this District.

5. On or about April 6, 2007, Italcheese Spa Mag Generali Reggiani delivered a shipment of 1,616 ctns of Italian parmesan cheese, asiago & pecorino cheese to defendant, as a common carrier at the port of La Spezia in good condition, for transportation on board the M.V. "MARIA PIA" to New York, in consideration of an agreed freight and pursuant to the valid terms and conditions of a clean on-board bill of lading issued by defendant and the M.V. "MARIA PIA".

6. Defendant caused said goods, still in good order and condition to be laden on board the M.V. "MARIA PIA". Upon information and belief, on or about April 20, 2007, the M.V. "MARIA PIA" arrived at the port of New York and delivered said shipment in a short, slack and damaged condition.

7. Prior to April 20, 2007, plaintiff became for value the owner of said shipment and the owner and holder of said clean on-board bill of lading and brings this suit on its own behalf and that of all others interested in said shipment.

8. All conditions precedent required of plaintiff and of all others interested in said shipment have been performed.

9. By reason of the premises, plaintiff and those on whose behalf this suit is brought have sustained damages in the sum of $35,000, as nearly as the same can now be estimated, no part of which has been paid although duly demanded.

**WHEREFORE**, plaintiff prays:

1. That the M.V. "MARIA PIA" be arrested;

2. That process issue against defendant MEDITERRANEAN SHIPPING COMPANY S.A. and that defendant be cited to appear and answer the allegations of the complaint;

3. That an interlocutory judgment be entered in favor of the plaintiff against the M.V. "MARIA PIA", against defendants directing that the plaintiff recover its damages and that the M.V. "MARIA PIA", be condemned and sold and the proceeds of sale be applied to the payment to plaintiff of the sums found due it;

4. That the amount due plaintiff be computed by further proceedings before a Magistrate, pursuant to Rule 53(b) and/or by further proceedings before the Court, pursuant to Rule 42(b);

5. That final judgment against defendant and the M.V. "MARIA PIA", be entered in favor of the plaintiff for the amount found due plaintiff with interest and with costs; and

6. That plaintiff have such other and further relief as may be just.

Dated: New York, New York
March 11, 2008

McDERMOTT & RADZIK, LLP
Attorneys for Plaintiff

By: _____
William R. Connor III (WC 4631)
Wall Street Plaza
88 Pine Street
New York, New York 10005
212-376-6400

STATE OF NEW YORK    )
                     : S.S.
COUNTY OF NEW YORK   )

WILLIAM R. CONNOR III, being duly sworn, deposes and says:

I am a member of the firm of McDermott & Radzik, LLP. attorneys for the Plaintiffs in this action.

I have read the foregoing Verified Complaint, know the contents thereof, and the same is true to the best of my knowledge, information and belief.

The sources of my information and the grounds of my belief are documents in the possession of my firm.

William R. Connor III (WC 4631)

Sworn to before me this
11th day of March, 2008

_____
Notary Public

MATTHEW T. LOESBERG
Notary Public, State of New York
No. 02LO6051626
Qualified in New York County
Commission Expires 12-4-2010

# EXHIBIT B

LYONS & FLOOD, LLP
65 W 36th Street, 7th Floor
New York, New York 10018
(212) 594-2400

Attorneys for Defendant
MEDITERRANEAN SHIPPING COMPANY, S.A.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x

SANNITI LLC,

              Plaintiff,

- against -

M/V "MARIA PIA", her engines,
boilers, etc.;

- and against -

MEDITERRANEAN SHIPPING
COMPANY, S.A.

              Defendants.
-----------------------------------------------------------x

ECF CASE

08 Civ. 2520 (BSJ)

**ANSWER TO**
**COMPLAINT**

      Defendant MEDITERRANEAN SHIPPING COMPANY, S.A. ("MSC"), by their attorneys, Lyons & Flood, LLP, answering plaintiff's Complaint, alleges upon information and belief as follows:

      1.    Admits that this is an admiralty and maritime claim within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

      2.    Admits that MSC is a legal entity and admits that Mediterranean Shipping Company (USA), Inc. has an office located at 420 Fifth Avenue, New York, New York 10018, but except as so specifically admitted, denies knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 2 of the Complaint.

3. Admits that MSC was the operator of the M/V "MARIA PIA" during all relevant times and operated said vessel in the common carriage of goods by water for hire between, among other ports, La Spezia and New York.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the Complaint.

5. Admits that Italcheese Spa Mag Generali Reggiani delivered a shipment of 1,616 containers of cheese to MSC and that the goods were loaded aboard the MARIA PIA and carried pursuant to the terms and conditions of an issued bill of lading, but except as so specifically admitted, denies the remaining allegations in paragraph 5 of the Complaint.

6. Admits that plaintiff's shipment was carried aboard the MARIA PIA, during part of the sea voyage, but except as so specifically admitted denies the remaining allegations in paragraph 6 of the Complaint.

7. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Complaint.

9. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint.

## FIRST AFFIRMATIVE DEFENSE

10. The Complaint fails to state a cause of action upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

11. The shipment which is the subject of this suit was carried pursuant to the terms and conditions of a certain bill of lading and tariff, by which the shippers, owners, consignees,

and holders of said bills of lading agreed to be bound, and was also subject to the United States Carriage of Goods By Sea Act, 46 U.S.C. § 1300, et seq. ("COGSA") and/or the Harter Act, 46 U.S.C. § 190, et seq., and MSC claims the benefits of all rights, immunities, exonerations, and limitations contained therein, and in COGSA and/or the Harter Act, including but not limited to, peril of the sea, Act of God, insufficiency of packaging, act of shipper, etc.

### THIRD AFFIRMATIVE DEFENSE

12. The nature and valuation of the goods were not declared by the shipper before the shipments and inserted in the bill of lading. If plaintiff is entitled to any recovery, which is denied, such recovery should be limited to $500 per "package" or "customary freight unit," in accordance with the above quoted provisions of COGSA and/or the Harter Act, and MSC's bill of lading.

### FOURTH AFFIRMATIVE DEFENSE

13. Due diligence was exercised on behalf of the carrier to make the vessel and its appurtenances seaworthy, and to make the holds and all other parts of the ship in which the goods were carried fit and safe for the reception, carriage and preservation of such shipments. Any losses, injuries or damages alleged to have been suffered by the shipment were due to neglect, an act of omission, breach of express or implied warranties, breach of bailment or breach of contract on the part of the plaintiff, shipper, its agents, or employees, or due to a cause or causes for which this defendant is not liable or responsible by virtue of the provisions of COGSA and/or the Harter Act, or provisions of said bills of lading or tariff or other applicable provisions of contracts of carriage or of law.

## FIFTH AFFIRMATIVE DEFENSE

14. If any losses or damages were sustained by the shipment referred to in the Complaint, which is denied, such losses or damages were caused by or contributed to by the plaintiff or third-parties, and not by MSC.

## SIXTH AFFIRMATIVE DEFENSE

15. Plaintiff failed to properly and fully mitigate its damages.

WHEREFORE, defendant MEDITERRANEAN SHIPPING COMPANY, S.A.,, respectively requests judgment dismissing the Complaint, and awarding it costs and disbursements of this action, including reasonable attorneys' fees, and for such other and further relief that this Court may deem just and proper.

Dated: New York, New York
      May 8, 2008

                        LYONS & FLOOD, LLP
                        Attorneys for Defendant
                        MEDITERRANEAN SHIPPING COMPANY, S.A.

By: _____
     Edward P. Flood (EPF-5797)
     Lyons & Flood, LLP
     65 W 36th Street, 7th Floor
     New York, New York 10018
     (212) 594-2400

TO:  William R. Connor III
      McDermott & Radzik, LLP
      Attorneys for Plaintiff
      Wall Street Plaza
      88 Pine Street
      New York, New York 10005

U:\FLOODDOC\2549116\Pleadings\Answer.doc

## CERTIFICATE OF SERVICE

Erika Tax declares and states that:

I am not a party to these actions, am over 18 years of age and reside in Queens, New York. I am an employee with Lyons & Flood, LLP, attorneys for MEDITERRANEAN SHIPPING COMPANY S.A., with offices at 65 West 36th Street, 7th Floor, New York, New York 10018.

On May 8, 2008, I served true copies of the Answer to Complaint upon:

William R. Connor III
McDermott & Radzik, LLP
Wall Street Plaza
88 Pine Street
New York, New York 10005

by U.S. Mail, first-class postage pre-paid, addressed to the last known address of the addressees as indicated above.

Executed on: May 8, 2008

_Erika Tax_
Erika Tax

U:\FLOODDOC\2549116\Pleadings\Answer.doc