UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
SANNITI LLC,

       Plaintiff,        08 Civ. 2520 (BSJ)

 -against-

M/V "MARIA PIA," her tackle, boilers, engines,    **ANSWER OF MAHER TERMINALS, LLC TO THE <u>THIRD-PARTY COMPLAINT</u>**

 - and against-

MEDITERRANEAN SHIPPING COMPANY S.A.,

       Defendants.
------------------------------------------------------------------X
MEDITERRANEAN SHIPPING COMPANY S.A.,

       Third-Party Plaintiff,

 -against-

MAHER TERMINALS, INC.,

       Third-Party Defendant.
------------------------------------------------------------------X

  Third-Party Defendant, Maher Terminals, LLC (sued herein as "Maher Terminals, Inc."), by its attorneys, Kenny, Stearns & Zonghetti, LLC, as and for its answer to the Third-Party Complaint, alleges upon information and belief as follows:

  1.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Third-Party Complaint.

  2.  Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the Third-Party Complaint.

  3.  Admits the allegations contained in paragraph 3 of the Third-Party Complaint.

4. Admits the allegations contained in paragraph 4 of the Third-Party Complaint.

5. Admits the allegations contained in paragraph 5 of the Third-Party Complaint.

6. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 6 of the Third-Party Complaint.

### As and For an Answer to the First Cause of Action Against Third-Party Defendant MAHER

7. Repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 6 of the Third-Party Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the Third-Party Complaint.

9. Admits the allegations contained in paragraph 9 of the Third-Party Complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Third-Party Complaint.

11. Denies the allegations contained in paragraph 11 of the Third-Party Complaint.

12. Denies the allegations contained in paragraph 12 of the Third-Party Complaint.

13. Denies the allegations contained in paragraph 11 of the Third-Party Complaint.

### As and For an Answer to the Second Cause of Action Against Third-Party Defendant MAHER

14. Repeats and realleges each and every admission, denial and denial of knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraphs 1 through 13 of the Third-Party Complaint.

15. Denies the allegations contained in paragraph 15 of the Third-Party Complaint.

16. Denies the allegations contained in paragraph 16 of the Third-Party Complaint.

17. Denies the allegations contained in paragraph 17 of the Third-Party Complaint.

## AS AND FOR A FIRST SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN THE THIRD-PARTY COMPLAINT

18. The cause of the loss in whole or in part was the negligence of the Third-Party Plaintiff and/or its agents.

## AS AND FOR A SECOND SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN THE THIRD-PARTY COMPLAINT

19. Maher Terminals, LLC asserts each and every defense available to it under the subject contract of carriage including, but not limited to, limitation of action, limitation of liability, act of God, and cause of the loss beyond the control of the Third-Party Defendant.

## AS AND FOR A THIRD SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN THE THIRD-PARTY COMPLAINT

20. Third-Party Defendant, Maher Terminals, LLC's liability is limited by Section 106(e) of the Ocean Shipping Reform Act of 1998, Pub.L. No. 105-258, 112 Stat. 1902 (1998) (also found at 46. App. U.S.C.A. § 1707(f)).

## AS AND FOR A FOURTH SEPARATE AND DISTINCT DEFENSE TO THE CAUSES OF ACTION ALLEGED IN THE THIRD-PARTY COMPLAINT

21. Third-Party Defendant, Maher Terminals, LLC, took reasonable care of the cargo and the cause of the loss were acts beyond its control.

**WHEREFORE**, Third-Party Defendant Maher Terminals, LLC demands judgment dismissing the Third-Party Complaint together with costs and such other and further relief as the Court may deem just and proper.

Dated: New York, New York
May 28, 2008

                                                                       KENNY, STEARNS & ZONGHETTI, LLC
                                                                       Attorneys for Third-Party Defendant
                                                                       Maher Terminals, LLC

By: _____
James M. Kenny (JK 3174)
26 Broadway
New York, NY 10004
(212) 422-6111

To: Lyons & Flood, LLP
Attorneys for Defendant and Third-Party Plaintiff
65 West 36th Street, 7th Floor
New York, NY 10018

McDermott & Radzik, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, NY 10005

### CERTIFICATE OF FILING

I HEREBY CERTIFY that, on May 28, 2008, I electronically filed the foregoing document with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to each of the following:

Lyons & Flood, LLP
Attorneys for Defendant and Third-Party Plaintiff
65 West 36th Street, 7th Floor
New York, NY 10018

McDermott & Radzik, LLP
Attorneys for Plaintiff
Wall Street Plaza
88 Pine Street
New York, NY 10005

_____
James M Kenny
KENNY, STEARNS & ZONGHETTI, LLC
Attorneys for Third-Party Defendant
Maher Terminals, LLC
26 Broadway
New York, NY 10004
phone: (212) 422-6111
fax: (212) 422-6544

4