USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #
DATE FILED: 6/24/08

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SANNITI, LLC,                                    :

        Plaintiff,                           :       ORDER

      -against-                                :       08 Civ. 2520 (BSJ)(KNF)

M.V. "MARIA PIA," ET AL.,                        :

        Defendants.                          :
------------------------------------------------------------X

MEDITERRANEAN SHIPPING COMPANY, S.A.   :

        Third-Party Plaintiff,               :

      -against-                                :

MAHER TERMINALS, INC.,                           :

        Third-Party Defendant.               :
------------------------------------------------------------X

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

    A pretrial conference was held with counsel to the respective parties on June 23, 2008. As a result of the discussion had during the conference, IT IS HEREBY ORDERED that:

    1.    all discovery, of whatever nature, shall be initiated so as to be completed on or before October 23, 2008;

    2.    a telephonic status conference will be held with the parties on October 1, 2008, at 11:00 a.m. Counsel to the plaintiff shall initiate the telephonic conference on that date;

3.     a settlement conference will be held with the parties on October 27, 2008, at 2:30 p.m. The procedures under which the settlement conference will be conducted are being provided to the parties with a copy of this order; and

4.     the parties' joint pretrial order, which must comply with the requirements for such a document that are set forth in the Individual Rules of Practice of the assigned district judge, be submitted to the Court, for its review, on or before November 24, 2008.

Dated: New York, New York  
       June 24, 2008

SO ORDERED:

_____  
KEVIN NATHANIEL FOX  
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
UNITED STATES COURTHOUSE
40 FOLEY SQUARE
NEW YORK, NEW YORK 10007

KEVIN NATHANIEL FOX
UNITED STATES MAGISTRATE JUDGE

**PROCEDURES APPLICABLE TO CASES REFERRED FOR SETTLEMENT
TO MAGISTRATE JUDGE KEVIN NATHANIEL FOX**

1. All settlement conferences are "off the record" and all communications to the magistrate judge relating to settlement are confidential.

2. I shall function as a mediator, attempting to help parties reach agreement on terms of settlement. Efficient use of this process requires that counsel and their clients be (a) prepared for the conference; and (b) candid with the mediator. I shall hold only one conference -- this is not a dress rehearsal.

3. **No later than three business days before the settlement conference,** counsel to each party should submit a letter, no longer than five pages, marked prominently "CONFIDENTIAL MATERIAL FOR USE AT SETTLEMENT CONFERENCE," which need not be served on other parties, stating succinctly: (1) the history of settlement negotiations; (2) counsel's evaluation of the settlement value of the case and the rationale for it (not simply an "opening bid"); and (3) any other facts that would be helpful to the mediator in preparation for the conference. To assure receipt no later than 4:00 p.m. on the due date, it is recommended that pre-conference submissions be sent via facsimile to (212) 805-6712. The acknowledgment identifying who will attend the settlement conference, **must** be submitted at the same time as the letter marked "Confidential Material for use at Settlement Conference."

4. At the settlement conference, all counsel will be expected (in the presence of each other and the parties) to make a **brief** presentation (usually 10 minutes) summarizing: (1) the issues of fact and law which they regard as dispositive; (2) the most recent offer or demand communicated to adverse counsel; and (3) any other matters they regard as material to settlement. Although the merits of the case are relevant to settlement value, counsel are reminded that settlement conferences are not adjudicatory in nature; discussions of legal issues should be simple and straightforward, with due regard to the importance of participation by the parties in the settlement process.

5. Where all parties are represented by counsel, I shall also meet separately with each side. In these meetings, the parties and their counsel should be prepared to discuss the bases for

their stated position, the amount of attorneys' fees and litigation expenses incurred to date and an estimate of the cost of litigating the case to judgment. Where any party appears *pro se*, separate meetings are not ordinarily held.

6. **The presence in person of parties, as well as their lawyers, is essential to the mediation process.** In particular, it is important that parties hear the adversary's presentation and have the opportunity to speak with the mediator outside the presence of any adversary. For these reasons, requests that parties be excused from the conference are rarely granted, unless a party is in prison or lives far away from New York City (at least 100 miles).[1] Corporate parties or labor unions should send the person with decision-making authority who gives directions to the attorney of record. **Where liability insurance is involved, a knowledgeable representative of the carrier should attend in addition to the insured.** Where any government agency is a party, the attorney of record should be accompanied by a knowledgeable representative of the agency involved in the case, regardless of who has ultimate authority to recommend or approve settlement.

7. If a party fails to come to the settlement conference with all the required persons (attorney, plus a decision-making employee from the client, plus a decision-making representative from the insurance carrier), that party may be required to reimburse all the other parties for their time and travel expenses.

8. Telephone requests for adjournment are not entertained. A request for adjournment must, if at all possible, be in the form of a **joint** letter from the attorneys for all the parties, and must, if at all possible, suggest two alternative dates when the attorneys and their clients will be available. In any event, a request for adjournment is inoperative unless it mentions the position of each party with respect to the requested adjournment.

9. Except for pre-conference submissions pursuant to ¶ 3, all communications with chambers regarding pending cases must be in writing, sent by U.S. mail or via facsimile, with copies to all counsel of record by means no less expeditious than that used to transmit the original.

10. If the case is settled prior to a scheduled conference, an adjournment of up to two weeks will be granted on **written** request solely for the purpose of submitting a stipulation of dismissal to be "so ordered" by the district judge.

June 13, 2007

---

[1] It is the parties' responsibility to determine whether more than one person will be participating in the settlement conference via telephone. If both parties have one or more persons who will be participating via telephone, the plaintiff's attorney is responsible for organizing a conference call, in which all parties can be placed on hold separately during the conference.

Please complete this form, sign it, and send it by mail or by facsimile to:

KEVIN NATHANIEL FOX
U.S. MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
40 CENTRE STREET, ROOM 540
NEW YORK, NY 10007
FACSIMILE NO. (212) 805-6712  (FACSIMILE IS PREFERABLE)

**DOCKET NUMBER:** _____ CIV. _____ (     )(KNF)

1. I acknowledge that I and my client must attend a settlement conference in Courtroom 20A at 500 Pearl Street, New York, New York on _____, 200__ at _____ o'clock.

    a. The name of my client(s) who will attend the conference is (are) _____
    _____ . (In the case of a client who is not an individual, supply the name and title of the employee who will attend.)

    b. He/she will attend by telephone because (CHECK ONE):[2]

        ___ I hereby certify that my client lives more than 100 miles from New York City.

        ___ My client is not an individual, and I hereby certify that no knowledgeable employee of my client or of an affiliate of my client lives within 100 miles of New York City.

2. I acknowledge receiving a copy of the 2-page Procedures applicable to all cases referred for settlement to Judge Fox. I acknowledge that I must submit a pre-conference confidential letter to Judge Fox the week before the conference.

 

                                                                                                        _____
                                                                                                         Attorney's Name (please print and sign)

Name of first-named plaintiff:                         _____

Name of first-named defendant:                       _____

---

[2] It is the parties' responsibility to determine whether more than one person will be participating in the settlement conference via telephone. If both parties have one or more persons who will be participating via telephone, the plaintiff's attorney is responsible for organizing a conference call, in which all parties can be placed on hold separately during the conference.